# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KEVIN KEITH KOLTERMAN, | Case No. 2:21-cv-01251-CLB |
| Plaintiff, | **ORDER DENYING MOTION TO REMAND AND GRANTING CROSS-MOTION TO AFFIRM** |
| v. | |
| KILOLO KIJAKAZI,[1] Acting Commissioner of Social Security, | [ECF Nos. 20, 21] |
| Defendant. | |

This case involves the judicial review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Kevin Kolterman's ("Kolterman") application for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. Currently pending before the Court is Kolterman's motion for reversal and remand. (ECF No. 20.) The Commissioner filed a response and cross-motion to affirm, (ECF Nos. 21, 22)[2], and Kolterman filed a reply, (ECF No. 23). Having reviewed the pleadings, transcripts, and the Administrative Record ("AR"), (ECF No. 15), the Court concludes that the Commissioner's finding that Kolterman could perform other work that exists in significant numbers in the national economy was supported by substantial evidence. Therefore, the Court denies Kolterman's motion for remand, (ECF No. 20), and grants the Commissioner's cross-motion to affirm, (ECF No. 21).

I.    **STANDARDS OF REVIEW**

A.    **Judicial Standard of Review**

This court's review of administrative decisions in social security disability benefits

---

[1]    Kilolo Kijakazi is now the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

[2]    ECF Nos. 21 and 22 are identical documents.

cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The court must affirm an Administrative Law Judge's ("ALJ") determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (internal quotation marks and citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005).

To determine whether substantial evidence exists, the court must look at the administrative record as a whole, weighing both the evidence that supports and undermines the ALJ's decision. *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (citation omitted). Under the substantial evidence test, a court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "However, if evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Orteza,* 50 F.3d at 749 (citation omitted). The ALJ alone is responsible for determining credibility and for resolving ambiguities. *Meanel v. Apfel*, 172

F.3d 1111, 1113 (9th Cir. 1999).

It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if substantial evidence supports the Commissioner's decision. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

## B.   Standards Applicable to Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of their claim for disability. *See* 20 C.F.R. § 404.1514. If the individual establishes an inability to perform their prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).

The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities, usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits the

individual from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meets or equals the criteria of a listing and meets the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h), 416.920(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Prior to considering step four, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 96-7p. To the extent that objective medical evidence does not substantiate statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in

accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

After making the RFC determination, the ALJ must then turn to step four to determine whether the individual has the RFC to perform their past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). Past relevant work means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the individual has the RFC to perform their past work, then a finding of not disabled is made. If the individual is unable to perform any past relevant work or does not have any past relevant work, then the analysis proceeds to the fifth and final step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering their RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the individual is able to do other work, then a finding of not disabled is made. Although the individual generally continues to bear the burden of proving disability at this step, a limited evidentiary burden shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II.      CASE BACKGROUND

### A.      Procedural History

Kolterman applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") on August 15, 2018, with an alleged disability onset date of June 15, 2014. (AR 13, 88-89, 219-25.) Kolterman's application was denied initially on January 26, 2019, and upon reconsideration on May 10, 2019. (AR 88-89, 125-27.) Kolterman subsequently requested an administrative hearing and on September 24, 2020, Kolterman and his attorney appeared at a telephonic hearing before an ALJ. (AR 32-57.) A vocational

expert ("VE") also appeared at the hearing via telephone. (*Id.*) The ALJ issued a written decision on October 21, 2020, finding that Kolterman was not disabled because he could perform other work that exists in significant numbers in the national economy. (AR 13-26.) Kolterman appealed, and the Appeals Council denied review. (AR 1-6.) Accordingly, the ALJ's decision became the final decision of the Commissioner. Having exhausted all administrative remedies, Kolterman filed a complaint for judicial review on July 1, 2021. (*See* ECF No. 1.)

### B.    ALJ's Decision

In the written decision, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. (AR 13-26.) Ultimately, the ALJ disagreed that Kolterman has been disabled from June 15, 2014, the alleged onset date, through the date of his decision. (AR 26.) The ALJ held that, based on Kolterman's RFC, age, education, and work experience, Kolterman could perform other work that exists in significant numbers in the national economy. (AR 25-26.)

In making this determination, the ALJ started at step one. Here, the ALJ found Kolterman had not engaged in substantial gainful activity since the alleged onset date of June 15, 2014. (AR 17.) At step two, the ALJ found Kolterman had the following severe impairments: Parkinson's disease; cervical and lumbar spine degenerative disc disease; and obesity. (AR 17-19.) At step three, the ALJ found Kolterman did not have an impairment or combination of impairments that either met or medically equaled the severity of those impairments listed in 20 C.F.R. Part 404, Subpart P, Appx. 1; 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926. (AR 19.)

Next, the ALJ determined Kolterman has the RFC to perform medium work as defined by 20 C.F.R. §§ 404.1567(c) and 416.967(c) except:

> he can frequently reach, handle, and finger bilaterally. The claimant can frequently stoop, kneel, crouch, and climb ramps and stairs, but he can never crawl or climb ladders, ropes, or scaffolds. The claimant can occasionally balance. The claimant cannot work at unprotected height. He must avoid concentrated exposure to moving mechanical parts. The claimant cannot work in extreme cold or extreme heat. He should avoid concentrated

exposure to vibrations.

(AR 19.)

The ALJ found Kolterman's medically determinable impairments could reasonably be expected to cause the symptoms alleged; however, Kolterman's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. (AR 20.) In reaching this conclusion, the ALJ reviewed and discussed the objective medical evidence, medical opinions, and factors weighing against Kolterman's credibility. (AR 19-24.) The ALJ then determined that Kolterman is not capable of performing past relevant work, as an elevator constructer or elevator constructer helper, as actually or generally performed. (AR 24-25.)

Relying on the testimony of the VE, the ALJ determined that Kolterman's age, education, work experience, and RFC would allow him to perform other occupations existing in significant numbers in the national economy, such as: store laborer, linen room attendant, or day worker. (AR 25-26.) Accordingly, the ALJ held that Kolterman had not been under a disability since the alleged onset date of June 15, 2014, through the date of the decision, and denied Kolterman's claim. (AR 26.)

**III.    ISSUE**

Kolterman seeks judicial review of the Commissioner's final decision denying DIB and SSI under Titles II and XVI of the Social Security Act. (ECF No. 20.) Kolterman raises a single issue for this Court's review: Whether the ALJ properly evaluated the medical opinion of consultative examiner Shanna Baltar, D.O., in determining Kolterman's physical RFC. (*Id.* at 11-17.)

**IV.    DISCUSSION**

Within the administrative record, an ALJ may encounter medical opinions from three types of physicians: treating, examining, and non-examining. *See Valentine v. Comm'r of Soc. Sec. Admin*., 574 F.3d 685, 692 (9th Cir. 2009). For claims filed *on or after* March 27, 2017, no deference or specific evidentiary weight, including controlling weight,

will be given to any medical opinions or prior administrative medical findings, including those from a plaintiff's medical sources. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). When evaluating the persuasiveness of medical opinions and prior administrative medical findings, the most important factors considered are *supportability* and *consistency*. *Id.* (emphasis added). When a finding is made on persuasiveness, there must be an explanation of how the ALJ considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings within the determination or decision. *Id.; see also* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support their medical opinions or prior administrative medical findings, the more persuasive the medical opinions or prior administrative medical findings will be. *Id.* at §§ 404.1520c(c)(1), 416.920c(c)(1). The more consistent a medical opinion or prior administrative medical finding is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion or prior administrative medical finding will be. *Id.* at §§ 404.1520c(c)(2), 416.920c(c)(2).

The ALJ will consider the following additional factors when evaluating the persuasiveness of medical opinions and prior administrative medical findings, however, the ALJ is not required to explain how the factors were considered:

(1) relationship of the claimant with the medical source:
    (i) length of the treatment relationship,
    (ii) frequency of examinations,
    (iii) purpose of the treatment relationship,
    (iv) extent of the treatment relationship, and
    (v) examining relationship;
(2) specialization of the medical source providing the opinions or findings; and
(3) other factors that tend to support or contradict a medical opinion or prior administrative medical finding. *Id.* at §§ 404.1520c(c)(3)-(5), 416.920c(c)(3)-(5).

When an ALJ finds two or more equally persuasive medical opinions or prior administrative medical findings about the same issue that are equally well-supported and consistent with the record, but are not exactly the same, then the ALJ must articulate, within the claimant's determination or decision, how the ALJ considered the other most

8

persuasive factors for those medical opinions or prior administrative medical findings. *Id.* at §§ 404.1520c(b)(3), 416.920c(b)(3).

Kolterman filed his claims for DIB and SSI in August of 2018. (AR 13, 88-89, 219-25.) For this reason, the ALJ was required to follow 20 C.F.R. §§ 404.1520c and 416.920c when considering and articulating how the ALJ considered medical opinions or prior administrative medical findings. To evaluate whether the ALJ properly assessed Kolterman's physical limitations in determining his RFC, the Court will look for whether the ALJ applied the proper legal standards under 20 C.F.R. §§ 404.1520c and 416.920c and, whether there was substantial evidence in the record to support the ALJ's decision.

**A.    There is Substantial Evidence in the Record to Support the ALJ's Decision regarding Kolterman's RFC**

Kolterman argues the ALJ erred when determining Kolterman's RFC because he improperly evaluated consultative examiner Dr. Baltar's opinion. (ECF No. 20 at 11-17.) Kolterman contends that the ALJ improperly rejected Dr. Baltar's opinion in a conclusory manner and did not adequately discuss the supportability and consistency factors as required under the regulations. (*Id.*) In response, the Commissioner states that although Kolterman disagrees with the ALJ's conclusion, his mere disagreement is not a basis to overturn the ALJ's decision in this case and at best, Kolterman's arguments present a competing interpretation of the record, which does not constitute reversible error. (ECF No. 21 at 5 (citing *Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2018)).)

As an initial matter, the Court finds the ALJ applied the proper legal standards under 20 C.F.R. §§ 404.1520c and 416.920c, as he appropriately assessed the supportability and consistency of Dr. Baltar's opinion as the regulations dictate, including providing an explanation of how the supportability and consistency factors were considered when assessing Dr. Baltar's medical opinions.

As to Kolterman's physical limitations, the ALJ specifically found that Kolterman had the ability to perform medium work except:

> he can frequently reach, handle, and finger bilaterally. The claimant can frequently stoop, kneel, crouch, and climb ramps and stairs, but he can never

> crawl or climb ladders, ropes, or scaffolds. The claimant can occasionally balance. The claimant cannot work at unprotected height. He must avoid concentrated exposure to moving mechanical parts. The claimant cannot work in extreme cold or extreme heat. He should avoid concentrated exposure to vibrations.

(AR 19.) In considering the opinion of Dr. Baltar, the ALJ concluded that Dr. Baltar's opinion was "persuasive" in part regarding Kolterman's strength capabilities, but the ALJ found the remaining portion of Dr. Baltar's opinion about Kolterman's postural movements and manipulative functioning inconsistent with the overall record (AR 23). Specifically, the ALJ found as follows:

> Dr. Baltar opined that the claimant had no standing, walking or sitting limitations. The claimant could lift and carry 50 pounds occasionally and 25 pounds frequently. The claimant could occasionally balance and frequently climb. He could occasionally reach, handle, finger, and feel. (Exhibit 5F/6). This opinion is supported by explanation based upon the doctor's physical examination of the claimant. The opinion is consistent with the claimant's imaging results that filed to show compression of nerve or nerve root (Exhibits 6F; 9F/2; 13F/3; 16F/9). The opinion is consistent with the overall evidence of record such as the claimant's consistently normal strength, intact sensation, and normal gait (Exhibit 22F/3, 9, 57, 58). As such, the undersigned finds the opinion concerning medium exertion persuasive. However, the limitations concerning the claimant's postural movements and manipulative functioning is not consistent with the overall evidence of records such as physical examinations with minimal shaking, intact strength, and intact sensation (Exhibits 22F/6; 20F/5). In addition, the opinion concerning the claimant's occasionally manipulative limitations is not consistent with the claimant's testimony that he could use a smart phone, including text messaging, access the internet, use zippers and buttons, and use utensils (Hearing Testimony). Therefore, the undersigned does not find the remainder of the opinion persuasive.

(AR 23-24.) Finally, in assessing Kolterman's limitations, the ALJ noted:

> [b]ased upon the claimant's degenerative disc disease and Parkinson's disease, in conjunction with his mild tremors, normal strength, intact sensation, normal coordination, and normal gait, the undersigned finds that the claimant is capable of medium work. The undersigned finds that the claimant's cervical degenerative disc disease and mild shaking is supportive of the undersigned's finding that the claimant can frequently reach, handle, and finger bilaterally. The claimant's mild shaking, in conjunction with his normal gait, normal coordination, and negative Romberg are supportive of the undersigned's finding that he can frequently stoop, kneel, crouch, and climb ramps and stairs, but he can never crawl or climb ladders, ropes, or

scaffolds. The claimant can occasionally balance. Moreover, the claimant cannot work at unprotected height and he must avoid concentrated exposure to moving mechanical parts. In an effort not to exacerbate the claimant's symptoms of shaking and pain, the undersigned finds that he cannot work in extreme cold or extreme heat and he should avoid concentrated exposure to vibrations. In sum, the undersigned has considered all testimony at the hearing, the medical evidence in the record, and the opinion evidence and has concluded that the claimant is not precluded from work within the residual functional capacity described above.

(AR 24.)

In determining Kolterman's RFC, the ALJ provided a thorough review of the record including medical evidence and subjective testimony regarding Kolterman's physical impairments, noting evidence that supported limitations and evidence that contradicted disabling allegations. (AR 19-24.) As noted above, the ALJ provided a thorough review of the evidence throughout the record that supported his RFC determination and specifically noted the supportability and consistency of Dr. Baltar's opinion. (*Id.*) Additionally, the ALJ did not provide conclusory reasons for rejecting Dr. Baltar's opinion, but rather the ALJ provided a thorough explanation of the inconsistency of Dr. Baltar's opinion to the remainder of the evidence and provided specific reasons for finding this opinion inconsistent.

In sum, the ALJ properly considered all the relevant evidence in determining Kolterman's physical limitations, including complete assessments of the opinion of Dr. Baltar following the criteria articulated in the regulations. (AR 19-24.) The ALJ reasonably found Dr. Baltar's opinion to be not persuasive. (AR 23.) The ALJ's thorough evaluation of the supportability and consistency of these opinions supports the ALJ's conclusions as to Kolterman's RFC. "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Shaibi*, 883 F.3d at 1108 (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see also Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989) (In Social Security cases, federal courts "are not triers of fact" and a court "may not substitute its judgment for that of the [ALJ].")

For the above reasons, the Court finds that the ALJ's RFC determination is

supported by substantial evidence.

## V.    CONCLUSION

Having reviewed the Administrative Record as a whole, and weighing the evidence that supports and detracts from the Commissioner's conclusion, the Court finds the ALJ's decision was supported by substantial evidence and is free of legal error.

Accordingly, **IT IS THEREFORE ORDERED** that Kolterman's motion to remand (ECF No. 20) is **DENIED**, and the Commissioner's cross-motion to affirm (ECF No. 21) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk **ENTER JUDGMENT** and **CLOSE THIS CASE**.

**DATED**: _____July 29, 2022_____

_____
**UNITED STATES MAGISTRATE JUDGE**